## EXPERT TESTIMONY CONCERNING MACHINES.

Circuit Court of Cuyahoga County.

THE SHERWIN-WILLIAMS CO. v. GEORGE J. KAVANAUGH.*

Decided, November 16, 1908.

*Error—Expert Testimony—Witnesses May Give Expert Testimony Concerning Machines When Familiar With Similar Machines— Reviewing Court Can Not Pass Upon Weight of Evidence When Object Illustrating Evidence in Trial Court is Not Before it.*

1. Witnesses may give expert evidence concerning the construction and operation of a certain machine, where it appears that they have operated similar machines of a slightly different size or in a slightly different position.

2. Where it appears from the bill of exceptions that witnesses in testifying used a photo-engraving and a piece of tin in explaining the construction and operation of a machine, such testimony being plain and patent to the jury but more or less unintelligible to a reviewing court, it can not be said without such photo-engraving and piece of tin before it, that the reviewing court has all of the evidence which was before the jury, and the court will not be able to determine whether the verdict is sustained by the weight of the evidence.

*Ingersoll & Bacon,* for plaintiff in error.
*Hart, Canfield & Croke,* contra.

HENRY, J.; WINCH, J., and MARVIN, J,. concur.

This was a case of employer's liability for injuries to an employee. Kavanaugh's hand was caught and crushed between the dies of a stamping press used at the time to stamp out the tin tops or bottoms of gallon paint cans. He recovered a verdict and judgment in the court of common pleas. Among the errors complained of in this proceeding is the admission in evidence of the expert testimony of two witnesses, offered by the plaintiff below, who testified as to the manner of feeding the press under the circumstances attending this accident, athough it appeared

*Affirmed without opinion, *Sherwin-Williams Co.* v. *Kavanaugh,* 81 Ohio State, 503.

that one of them had never operated such a press with dies of just the size then in use, and the other had never operated it when the table was in the precise position in which it was used on this occasion; otherwise, both witnesses were fully qualified to give expert testimony, by reason of long familiarity and actual use of the kind of machine in question. We hold that the admission of this evidence was not error.

It is further contended that the verdict is not sustained by the evidence in two particulars; first: as to the foreman's promise to repair the machine when the plaintiff below complained to him that it had repeated, and his assurance thereafter to the plaintiff below that it had been so repaired; secondly, upon the question of the contributory negligence of the plaintiff below in placing his hand between the dies, when feeding the press.

As to the former contention, there is an apparent conflict between the testimony of the plaintiff below to conversations with the foreman, and the evidence of a written time sheet, indicating that the foreman was not present on the day in question. The time sheet was compiled with other slips, and if it be competent evidence of the foreman's absence on that occasion, it is not, to our minds, so conclusive as to warrant us in holding that the jury were wrong in resolving the conflict, as their verdict implies that they did. On the other point it appears, from the bill of exceptions, that a photo-engraving of the press was employed by a witness on behalf of the plaintiff below, to illustrate to the jury his testimony of the construction of the press. It was not formally offered in evidence, but it undoubtedly had the effect of evidence, and the testimony in this regard is hardly intelligible without it. This picture is not included in the bill of exceptions; this is also true of the piece of tin, which it appears from the testimony of one of the witnesses was taken by him from the press immediately after the accident, and which appears from the bill to have been exhibited to the jury, although it, too, is absent from the bill of exceptions, presumably because it was not formally offered in evidence.

In *Foster Coal Company* v. *Moherman et al*, 9 C. C., 544, it was held in the second paragraph of the syllabus that:

"Where it appears from the bill of exceptions that the witnesses in testifying largely used a map, pointing out places on it, such testimony being patent and plain to the jury, but entirely unintelligible to the reviewing court, it can not be said that all the evidence before such court that was before the jury, and the court will not be able to determine the question whether the verdict is sustained by the weight of the evidence or not."

We are strongly inclined to the opinion that, under the authority of this decision, we are without power to weigh the evidence in this case. So far as we understand the facts, the plaintiff's evidence tends to prove that while he was working at this machine it repeated; that is to say, the upper die descended upon the lower die a second time, without being caused to make such second descent by any pressure of the operator's foot upon the treadle by which means alone such descents could normally be actuated.

As already stated, he complained to the foreman, and received a promise of repairs, which the foreman subsequently assured him had been done. On the following day the machine again repeated while plaintiff's hand was between the dies in the act of feeding the press. It appears also that plaintiff might have adopted a safer method of feeding, which would not have required him to have his hand between the dies, but that the method which he employed was the usual and more convenient manner. Upon all these points, though there is much conflict of testimony, perhaps if we had all the light which the jury had by way of illustration, as well as the oral testimony, we might be led to a different conclusion from that reached by them. Neither the negligence of the defendant nor the freedom from contributory negligence on the part of the plaintiff below are as clear as they were in the very similar case of *Goggin* v. *The Electric Controller & Supply Co.*, decided by this court February 3, 1908, wherein we said:

"It thus appears, if these statements are true, that the cause of the spindle's falling at the time he (the plaintiff) was injured was the defective condition of the nut and the screw, which was a part of it. It was a defect in this precise place that he had observed and complained of in the morning; it was this defective condition which the foreman had promised the

plaintiff to repair and assured him that it had been repaired. The plain inference as it seems to us is that the repairs made were not complete or effectual, but that the same trouble which had twice appeared in the morning recurred again in the evening when plaintiff was injured. This, we hold, made a case for the jury, and it was error under the circumstances to direct a verdict for the defendant.''

In the state of the record before us we are not prepared to say that the evidence, properly understood, would not suffice to sustain the verdict and judgment of the court of common pleas. The judgment is therefore affirmed.